Argued October 31, affirmed November 28, 1975

# WEIDNER, *Appellant, v.* U.S. SILVER INVESTMENT CO., *Respondent.*

542 P2d 882

*Robert L. Fulkerson,* Portland, argued the cause for appellant. With him on the briefs were F. R. Cornilles, Lyle W. Banton and LaVelle Day, Portland.

*Jack B. Schwartz,* Portland, argued the cause and filed a brief for respondent.

O'CONNELL, C. J.

This is a declaratory judgment proceeding in which plaintiff seeks an interpretation of a written agreement entered into between plaintiff and defendant. Plaintiff appeals from an interpretation of the agreement favorable to defendant.

Defendant is engaged in the business of buying and selling precious metals. Defendant's president and principal stockholder, Lawrence Heim, had actively acquired a certain amount of expertise in the business of buying and selling gold and silver coins and bullion. He held himself out as an expert in this field. Plaintiff sought out defendant and entered into a contract, the terms of which are as follows:

"U. S. Silver Investment Company (USSI), an Oregon corporation, and   Steve Weidner (SW)   agree as follows:

"1. Purpose.   USSI has developed methods and techniques for, and expertise in, loan and cash sale programs for coins containing precious metals.   SW   desires access to the expertise, methods and techniques which have been developed by USSI. This Agreement sets forth the terms and conditions upon which such methods, techniques and expertise will be made available to   SW  .

"2. Methods, Techniques and Expertise.   USSI shall disclose to   SW   its methods, techniques and expertise in the field of loan and cash sale programs for coins containing precious metals. Necessary forms of agreement, literature and other documents shall be made available to   SW  . USSI personnel shall be available upon   SW's

reasonable request (any out-of-pocket expenses incurred to be paid by ___SW___ ).

"3. Payment. ___SW___ shall pay to USSI $ 20.00 per bag of coins sold on either a cash or loan basis. For purposes of this Agreement, a 'bag' is $1,000 face amount of coins containing silver, approximately 1000 troy ounces of silver bullion, 100 British gold sovereigns, 20 U.S. twenty dollar gold coins or a lot of approximately 20 troy ounces of any other gold coins (limited to those which U.S. citizens legally may possess). For the purposes of this agreement the term 'coin' or 'coins' shall include silver bullion or bars. Payment shall be made to USSI at Portland, Oregon, on or before the fifth day of each month, covering the prior months sales.

"4. Sales Efforts. ___SW___ shall use its best efforts to promote sales of coins, utilizing methods, techniques and expertise provided by USSI, in following areas

any

"5. Proprietary Interest. The parties recognize the proprietary interest of USSI in the methods, techniques and expertise to be provided to ___SW___ hereunder. ___SW___ shall keep such methods, techniques and expertise in strict confidence at all times, and shall utilize them only pursuant to this Agreement. Under no circumstances shall ___SW___ transmit such methods, techniques and expertise to other persons or organizations. ___SW___ Officers, agents and employees shall be advised of this paragraph, and shall not use any methods, techniques or expertise provided by USSI except in the course of their employment by ___SW___ and pursuant to this Agreement. Should this Agreement terminate,

__SW__ shall have no further right to such methods, techniques and expertise, and shall not utilize them.

"6. _Audit._ USSI or its agents shall have access to the books and records of __SW__ relating to coin sales at reasonable times in order to audit sales and the payments provided for by this Agreement.

"7. _Term._ This Agreement shall remain in effect for a period of five years from the date hereof, and may be terminated by either party upon twenty four months written notice given thereafter.

"Dated this __7th__ day of ___May___ , 1973.
" __Stephen Weidner__    __U.S. Silver Investment Company__

"By __/sgd/   Stephen Weidner__
       President

                    __/sgd/   Lawrence H. Heim__
                          President"

At the trial stage plaintiff presented his case principally on the theory that the contract obligated him to make the payment called for in the contract only for coins and bullion sold by him which he had purchased from defendant. On appeal plaintiff's principal contention is that there was a failure of consideration, it being argued that the consideration was defendant's expertise and information supplied or made available to plaintiff for the purpose of improving plaintiff's sales programs and that nothing was furnished to plaintiff that had any relevancy to this purpose. It is argued that although Mr. Heim may have established his expertise in the technical evaluations of various aspects of the precious metals market, he had no expertise in the methods and techniques which would be helpful in selling precious metals to prospective purchasers.

Defendant contends (1) that the issue now raised on appeal was not raised in the trial court and therefore cannot now be raised on appeal, and (2) if the issue is deemed to have been raised by the pleadings, there was sufficient consideration in the form of information supplied by defendant to plaintiff or made available to him. We construe the pleadings as raising the issue of consideration and therefore must consider the latter contention.

It is undisputed that defendant supplied information to plaintiff in the form of written materials, a tape recording, and information supplied to plaintiff orally by Mr. Heim. Plaintiff concedes that this service was performed by defendant, but he argues that no part of this service would be helpful to a person selling precious metals to members of the public. Although the materials and information supplied to plaintiff by defendant were rather sparse, some of it (e.g., the "Main Sales Brochure") was, according to Mr. Heim's testimony, "sales literature" explaining "how customers can buy silver coins, gold coins and silver bullion." This "literature" was given to plaintiff "so he could use it in his own name, if he saw fit, or reprint it, or whatever he wanted to do." Mr. Heim also testified that defendant offered Mr. Heim's expertise in the sales of gold and silver coins on margin and provided information on the price of precious metals to plaintiff. We think that this service, although apparently of marginal value in facilitating plaintiff's sales, was adequate to meet the requirement that the consideration bargained for must be tendered.

Plaintiff's contention that the contract obligated him to pay the override only on sales made of precious metals purchased from defendant is also without merit. The contract does not, by its terms, so limit the obligation to pay for defendant's services. In addition,

Mr. Heim testified that the contract terms were discussed prior to its execution and at that time he explained to plaintiff that plaintiff was obligated to pay regardless of the source of the metals.

We hold that the trial court correctly interpreted the contract and therefore the judgment is affirmed.